IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED: AUGUST 11, 2008
08CV4541
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE COLE

JFB

| | |
|---|---|
| **FRANCES ENDENCIA** | ) |
| | ) |
| **Plaintiff,** | ) **Case No.** |
| | ) |
| v. | ) |
| | ) **JURY TRIAL REQUESTED** |
| **ADT SECURITY SERVICES, INC.** | ) |
| | ) |
| **Defendant.** | ) |

## NOTICE OF REMOVAL

NOW COMES the Defendant, ADT Security Services, Inc. ("ADT"), by and through its counsel MacCabe & McGuire, to hereby request removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

Plaintiff Frances Endencia commenced this action in the Circuit Court of Cook County, Illinois, First District, Law Division, by filing a Complaint on February 20, 2008, styled *Frances Endencia v. Village of Streamwood, et al.* No. 2008L000221. The instant cause arises out of damage caused by burglaries that occurred at The Pampered Pet Veterinary Service, Plaintiff Frances Endencia's business. (*See* Third Amended Complaint, attached hereto as Exhibit A, ¶¶ 1, 2, 7, 8). In the Complaint Plaintiff alleges ADT, which was under contract to provide alarm services at The Pampered Pet Veterinary Service, negligently failed to monitor the alarm system. (*Id.*, ¶¶ 2, 6).

28 U.S.C. § 1441(a) provides that any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant to the district courts of the United States for the district and division embracing the place where

such action is pending. *City of Naperville, v. Comcast of Illinois/West Virginia, LLC*, No. 03 C 1512, 2003 U.S. Dist. LEXIS 10998 (N.D. Ill. June 30, 2003).

Under 28 U.S.C. § 1411, removal is proper in any action that could have been filed originally in federal court. *CC Industries, Inc. v. ING/Reliastar Life Ins. Co.*, No. 03 C 2075, 2003 U.S. Dist. LEXIS 9855 (N.D. Ill. June 11, 2003). Removal on the basis of diversity jurisdiction is proper when the suit satisfies the amount in controversy requirement and there is complete diversity among the parties properly joined pursuant to 28 U.S.C. § 1332(a).

## FACTS SUPPORTING REMOVAL

### A.   Complete Diversity of Citizenship Exists.

Diversity jurisdiction is proper only where there is complete diversity among the parties; that is, where no defendant is a citizen of the same state as any plaintiff. *Selfix v. Bisk*, 867 F. Supp. 1333, 1335 (N.D. Ill. 1994). Complete diversity of citizenship exists between the plaintiff and defendant in this action.

Plaintiff is an individual residing in Illinois. ADT is a corporation. All other defendants have been dismissed from the present action. (*See* Third Amended Complaint). Corporations have the citizenship of both their state of incorporation and the state where their principal place of business is located. *TIG Insurance Co. v. Reliable Research Co.*, 334 F.3d 630, 634 (7th Cir. 2003). ADT, a Delaware corporation with its principal place of business in Florida, is a citizen of both Delaware and Florida. Accordingly, Plaintiff's Complaint establishes the complete diversity of the parties.

### B.   The Amount in Controversy Exceeds $75,000 Exclusive of Interest and Costs.

Plaintiff has sought, in the Complaint, damages in excess of $100,000.00 (Third Amended Complaint, ¶ "Wherefore"). As such, the amount in controversy exceeds $75,000,

exclusive of interest and costs, and therefore, the requirements for diversity jurisdiction are satisfied.

### C.    The Procedural Requirements of 28 U.S.C. § 1446 are Satisfied.

Section 1446 imposes several requirements on a party seeking removal. In this case, all of those requirements are satisfied. Most importantly, this notice was filed within 30 days of receipt by ADT of Plaintiff's Third Amended Complaint. ADT received Plaintiff's Third Amended Complaint on July 24, 2008.

Additionally, pursuant to 28 U.S.C. § 1446(a), true and correct copies of all processes, pleadings and orders served on the defendants in this case are attached as Exhibit A. Finally, written notice of the filing of this Notice of Removal will be filed, on this same day, with the Clerk of the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. § 1446(d).

### CONCLUSION

Based upon the foregoing, ADT respectfully requests this Court to assert jurisdiction over this matter.

Respectfully submitted,

ADT SECURITY SERVICES, INC.

By:  /s/Anthony R. Rutkowski  
　　　Anthony Rutkowski  
　　　MacCabe & McGuire  
　　　77 W. Wacker Dr., Suite 3333  
　　　Chicago, IL 60601  
　　　Tel.:　　312-357-2600  
　　　Fax:　　312-357-0317  
　　　arutkowski@maccabe-mcguire.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES ENDENCIA | ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | |
| vi. | ) | |
| | ) | JURY TRIAL REQUESTED |
| ADT SECURITY SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby affirms and states that he served the parties by causing copies of **Defendant ADT Security Services, Inc. Notice of Removal** to be sent via U.S. Mail on August 11, 2008, before the hour of 5:00 PM upon:

Frances Endencia
9333 S. Escanaba
Chicago, Illinois 60617

/s/Anthony R. Rutkowski
Attorney for Defendant,
ADT Security Services, Inc.

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| FRANCES ENDENCIA } | |
| PLAINITFF } | |
| } | 2008L000221 |
| } | FILED: AUGUST 11, 2008 |
| VS } | 08CV4541 |
| } | |
| ADT SECURITY INC } | JUDGE DER-YEGHIAYAN |
| DEFENDANT } | MAGISTRATE JUDGE COLE |

**THIRD AMENDED COMPLAINT**   JFB

NOW COMES the plaintiff, Frances Endencia, Pro sec, and complaining against defendant, ADT Inc states the following:

A. TORT. In pursuant to 805 ILCS 10/8, it states that : ... Any officer, share holder, agent or employee shall personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him or any ancillary personnel .... The corporation shall be liable up to full value of its property for negligence or misconduct by its officers, shareholders, agents or employees while they are engaged in behalf of the corporation rendering professional services.

1. (a) My business was The Pampered Pet Veterinary Service, located at 140 N Barrington Road, Unit 4 Streamwood IL 60107.

   (b) Village of Streamwood Ordinance 907.14.14 and Ordinance 510.2 Security Key Box required that building owners to provide keys to the Fire Department to be able to gain access to all portions of the building.

   (c) That since 1993 keys were provided to the Fire Department by Stacy & Casey Dukala, who owns Daisy Flowers in the same strip mall.

   (d) Plaintiff dutifully provided said high security keys on October 2004.

2. (a) On June 8, 2001, I contracted with ADT to provide security services, and duly provided a security System.

   (b) On various occasions, break ins, thefts and vandalism occurred, despite numerous occasions of changing high security locks

3. (a) ADT was the primary security service company from 2001 till 2006. During the break ins, theft and vandalism, the security system never went off. The system either was never properly installed or was never working.

   (b) I purchased a video surveillance camera from ADT. My sales representative, Joe Dooley was a Streamwood Police Department Officer. He admitted that most of the employees that work for ADT work for the police and fire department.

4(a) On March 11, 2005, my facility was vandalized. The vandals smeared blood in front room and Possibly killed a dog and left a black piece of cloth in the cage. They tried to show that no crime

occurred by showing there was no forced entry to the premises. I filed a Streamwood police report. Instead of investigating they manipulated the situation that lead to a complaint with the Illinois Department of Professional regulations that leads to an order of suspending my license.

5. Another incident occurred where a lot of blood was drawn from the patient and smeared blood underneath his bedding on March 29, 2005.

6.. During all the above events, the security system never went off.

Page 1

7. Due to constant issues encountered in my business from lack of security, I lost my business and interest therein..

8. That, because of the said negligence, I was held liable with the State of Illinois, Department of Professional Regulations under the Veterinary Medical Practice Act, and was maliciously being prosecuted that is leading to suspension or revocation of my license, in 2008. Case No 200501942.

Wherefore, plaintiff prays for a judgment against the defendant as follows:

(1) Awarding compensatory damages for loss of business for the amount of $250,000.

(2) Compensation to owners of dogs victimized, court costs, attorney fees and defense costs and fees for the amount of one million dollars.

Frances Endencia
Attorney No 99500
Plaintiff in pro sec
PO Box 8149
Bartlett IL 60103
630.823.8176
773.375.2433

Page 2