## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES ENDENCIA | ) | |
| | ) | **Case No.  08 cv 04541** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| ADT SECURITY SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT ADT SECURITY SERVICES, INC.'S MOTION TO DISMISS

Now Comes the Defendant ADT Security Services, Inc. ("ADT"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and respectfully requests that this Court enter an order dismissing the Plaintiff's Third Amended Complaint with prejudice on the grounds that the Plaintiff's allegations (a) fail to state a claim upon which relief may be granted; and/or (b) are barred by contract.

In support of its motion, the Defendant ADT states the following:

### INTRODUCTION

On February 20, 2008, Plaintiff filed her Original Complaint in Illinois state court against various defendants, including ADT, seeking $250,000 in "business and reputation . . . economic loss due to defamation." (Plaintiff's Original Complaint, attached as Ex. 1).  Plaintiff alleged ADT's security system failed to activate when her veterinary business was vandalized on multiple dates in March of 2005. (*Id.*).  Plaintiff, however, alleged that there was no forced entry on the dates in question. (*Id.*).  Upon ADT's Motion to Dismiss, the state court dismissed Plaintiff's Original Complaint without prejudice. (Circuit Court Order, dated April 18, 2008, attached as Ex. 2).

On May 16, 2008, Plaintiff filed an Amended Complaint against various defendants, again including ADT and making the same allegations against ADT. (Plaintiff's Amended Complaint, ¶ 2, attached as Ex. 3). On July 2, 2008, Plaintiff dismissed all defendants except ADT and filed a Second Amended Complaint against ADT alone. (Notice of Motion, Ex. 4; Plaintiff's Second Amended Complaint, Ex. 5). In Plaintiff's Second Amended Complaint, Plaintiff alleged that the failure of ADT's alarm system to activate on the dates at issue caused her to be held liable to the State of Illinois under the Veterinary Medical Practice Act and that her license to practice was under threat of being suspended and/or revoked. *Id*.

On July 16, 2008, Plaintiff filed a Third Amended Complaint ("Complaint"). (Complaint, Ex. 6). In addition to seeking $250,000 in lost business revenue, Plaintiff now seeks to recover $1,000,000 in damages as "compensation to owners of dogs victimized, court costs, attorney fees and defense costs." *Id*. Plaintiff also attached to her Complaint a recommendation from the Illinois Department of Financial and Professional Regulation that her license to practice veterinary medicine be suspended indefinitely. (20-Day Notice, Ex. 7).

Even assuming the truth of Plaintiff's allegations, Plaintiff's Complaint should be dismissed as a matter of law. Plaintiff's Complaint fails to assert sufficient facts establishing the necessary elements of a negligence claim. ADT's Motion to Dismiss should be granted on this basis alone. Even if Plaintiff had alleged sufficient facts, which is denied, the *Moorman* doctrine prevents Plaintiff from recovering economic losses in tort and, therefore, Plaintiff's negligence claim fails as a matter of law. Further, even if Plaintiff had alleged sufficient facts to state a negligence claim and was legally permitted to recover economic losses in tort, both of which are denied, Plaintiff's claims are nevertheless precluded by the terms and conditions in the alarm-services contract between Plaintiff and ADT. (*See* Contract, Ex. 8). ADT's Motion to Dismiss should be granted.

**APPLICABLE LAW**

In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, the Court must view all allegations in the complaint in the light most favorable to the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). In deciding the motion, the Court should look to the face of the complaint and decide whether, taking all the allegations of fact as true and construing them in a light most favorable to the non-movant, the plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Where, as here, the plaintiff's complaint relies upon and refers to a contract that is central to the plaintiff's allegations, the court may consider such documents in deciding a motion to dismiss. *See Cont'l Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 731 n.3 (7th Cir. 2005).

**I.**
**ARGUMENT: PLAINTIFF'S COMPLAINT IS LEGALLY INSUFFICIENT**

In her Complaint, Plaintiff attempted to assert only one cause of action against ADT—specifically, a negligence claim for the alleged improper rendering of professional services. In order to state a claim for negligence under Illinois law,[1] a plaintiff must allege sufficient facts establishing all of the following elements: (1) the defendant owed the plaintiff an independent tort duty—not merely a contractual duty; (2) the defendant, by act or omission, breached that duty; (3) the plaintiff sustained damage; and (4) the damage was proximately caused by the defendant's breach. *See Cunis v. Brennan*, 56 Ill. 2d 372, 374, 308 N.E.2d 617 (1974).

Here, however, Plaintiff has not alleged that ADT owed her an independent tort duty to prevent her alleged damages. At best, Plaintiff allegations establish that ADT owed her a contractual duty to install, maintain, and/or monitor her alarm system. Plaintiff simply cannot

establish that the alleged failure of ADT's alarm system to operate properly would constitute a violation of any tort duty. *See Spengler v. ADT Sec. Serv., Inc.*, 505 F.3d 456, 458 (6th Cir. 2007) (holding that the failure of ADT to properly install, maintain, and/or monitor an alarm system does not constitute a tort as a matter of law).

Even assuming ADT owed Plaintiff an independent tort duty, which is denied, Plaintiff has not alleged facts establishing that ADT breached any such duty. For example, although Plaintiff alleges ADT's alarm system "never went off," Plaintiff does not allege that such failure was in breach of any duty owed by ADT. In fact, considering that Plaintiff alleges that "there was no forced entry to the premises," the mere alleged failure of an alarm system to activate in such circumstances does not indicate any breach of care whatsoever—*i.e.*, alarm systems generally activate only upon unauthorized or forced entry into a secured premises.

Additionally, although Plaintiff alleges that she was held liable under the Veterinary Medical Practice Act "because of [ADT's] negligence," Plaintiff cannot establish proximate causation as a matter of law. Even assuming that ADT's alarm system failed, the Plaintiff's liability under the Veterinary Medical Practice Act and/or loss of her medical license is not within the range of reasonably foreseeable consequences—thus, proximate cause cannot be established by Plaintiff. *See Donaldson v. Cent. Ill. Pub. Serv. Co.*, 199 Ill. 2d 63, 90 (Ill. 2002) ("[I]n negligence actions, the plaintiff must present evidence of proximate causation, which includes both 'cause in fact' and 'legal cause'... 'Legal cause' examines the foreseeability of injury—whether the injury is 'of a type which a reasonable man would see as a likely result of his conduct.'").

---

[1]    Under the doctrine of *Erie*, state law is to be applied in federal court unless governed by the Federal Constitution or Act of Congress. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S. Ct. 817 (1938).

Further, even assuming Plaintiff could establish the essential elements of duty, breach, and proximate causation which is denied, the nature of Plaintiff's damages preclude Plaintiff from recovering in tort. *See Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill.2d 69, 435 N.E.2d 443 (1982) (holding that a party may not recover for economic loss under tort theories of recovery). Under Illinois law, economic loss is defined as the loss of benefit a product or service was supposed to render, including loss resulting from the failure of such product or service to meet the level of performance contracted for or expected by the plaintiff. *See Moorman*, 91 Ill.2d at 455, 435 N.E.2d at 758; *see also Fireman's Fund American Ins. Cos. v. Burns Electronic Security Servs., Inc.*, 93 Ill.App.3d 298, 300, 417 N.E.2d 131, 133 (1st Dist. 1980).

In this case, Plaintiff's alleged damages involve the exact type of economic losses that are barred under *Moorman*. Plaintiff's alleged losses are clearly economic in nature, as they represent Plaintiff's frustrated expectations under her contract with ADT. Because Plaintiff cannot recover economic losses in tort, Plaintiff's Complaint should be dismissed as a matter of law.

Finally, Plaintiff's Complaint fails to meet the standards set forth in the Federal Rules of Civil Procedure and should be dismissed on the grounds of legal insufficiency. Rule 8 requires a "plain and concise statement of the pleader's cause of action" and states "each allegation must be simple, concise, and direct." Fed. R. Civ. Pro. 8. Here, however, Plaintiff's allegations are inconsistent, convoluted, and unclear—making it very difficult for ADT to properly understand and respond to the allegations against ADT. Because Plaintiff's Complaint is legally insufficient on multiple grounds, Plaintiff's Complaint should be dismissed as a matter of law.

## II.
## ARGUMENT:  PLAINTIFF'S CLAIMS ARE CONTRACTUALLY BARRED

Part or all of Plaintiff's alleged damages occurred on March 29, 2005.  *See* Ex. 1.  On

March 22, 2005, Plaintiff and ADT entered in a contract (the "Contract") containing various

exculpatory and limitation-of-liability provisions.  *See* Ex. 8.  Specifically, in the Contract, the

parties agreed in pertinent part that:

> *THE CUSTOMER DOES NOT DESIRE THIS CONTRACT TO PROVIDE FOR*
> *FULL LIABILITY OF ADT AND AGREES THAT ADT SHALL BE EXEMPT*
> *FROM LIABILITY FOR LOSS, DAMAGE OR INJURY DUE DIRECTLY OR*
> *INDIRECTLY TO OCCURRENCES, OR CONSEQUENCES THEREFROM,*
> *WHICH THE SERVICE OR SYSTEM IS DESIGNED TO DETECT OR AVERT . . .*
> *AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY IF LOSS,*
> *DAMAGE OR INJURY, IRRESPECTIVE OF CAUSE OR ORIGIN, RESULTS*
> *DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM*
> *PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY*
> *THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, STRICT*
> *LIABILITY, VIOLATION OF ANY APPLICABLE CONSUMER LAW, OR ANY*
> *OTHER ALLEGED FAULT ON THE PART OF ADT, ITS AGENTS OR*
> *EMPLOYEES.*

(*Id*, ¶ E).

Such provisions are valid and enforceable in Illinois.  A nearly identical exculpatory

provision was upheld in *Chicago Steel Rule and Die Fabricators Co. v. ADT Security Systems,*

*Inc.*, 327 Ill.App.3d 642, 763 N.E.2d 839 (1st Dist. 2002).  In *Chicago Steel Rule*, the plaintiff

filed a four-count complaint alleging strict products liability, breach of contract, negligence and

gross negligence.  The plaintiff claimed that ADT's failure to properly install, maintain, and/or

monitor the system caused a delay in notification to the fire department and resulted in damages.

In dismissing the plaintiff's claims, the court ruled that the exculpatory provision barred all

claims and that such provision did not violate public policy.  *Id*. at 651; *see also First Financial*

*Ins. Co. v. Purolator Security, Inc.*, 69 Ill.App.3d 413, 417, 388 N.E.2d 17, 21 (1st Dist. 1979)

(enforcing alarm protection service clause exculpating corporation from liability for its own

negligence because "in the absence of a legislative directive to the contrary, exculpatory

provisions must be deemed valid and enforceable"). Therefore, to the extent Plaintiff's alleged damages were sustained after March 22, 2005, *i.e.*, the date the Contract was executed, such claims are precluded by Contract as a matter of law. ADT's Motion to Dismiss should be granted with prejudice.

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed as a matter of law. Plaintiff has failed to state a sufficient claim against ADT. Even assuming Plaintiff had stated a claim against ADT, which is denied, Plaintiff's claims are barred by the exculpatory and other risk-allocation provisions in the Contract—at least to the extent such claims arose after March 22, 2005. Accordingly, ADT respectfully requests that this Court enter an order dismissing the Plaintiff's Third Amended Complaint, and each cause of action alleged therein with prejudice and to award such further relief as the Court deems just and reasonable.


Dated:  August 20, 2008                     Respectfully submitted,

                                            MacCabe & McGuire

                                     By:    /s/Anthony R. Rutkowski
                                            Attorneys for Defendant,
                                            ADT Security Services, Inc.


Anthony Rutkowski
MacCabe & McGuire
77 W. Wacker Dr., Suite 3333
Chicago, IL 60601
Tel.:    312-357-2600
Fax:    312-357-0317
arutkowski@maccabe-mcguire.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **FRANCES ENDENCIA** | ) | |
| | ) | **Case No.  08 cv 04541** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| **ADT SECURITY SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby affirms and states that he served the parties by causing copies of **Defendant ADT Security Services, Inc.'s Motion to Dismiss** to be sent via U.S. Mail on August 20, 2008, before the hour of 5:00 PM upon:

Frances Endencia
9333 S. Escanaba
Chicago, Illinois 60617


/s/Anthony R. Rutkowski
Attorney for Defendant,
ADT Security Services, Inc.

Minam, Ite 8e 256298    UWS  3/11/
2006

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

CCG N001-75M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ LAW _____ DIVISION

(Name all parties)

SERBANOLIN  FRANCES ENDENCIA
INQUIRER

v.

VILLAGE OF STREAMWOOD
ADT
FRED MAZUR
RACHEL JOHNSON
JOHN COYNE
JOEL PRINCE   RESPONDENTS FOR DISCOVERY

No. 2008 L 000022 /

SERGIO ZAPATA, ADT
2250 PINEHURST
ADDISON IL 60101

## SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** 2203 **, Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____ **FEB 20 2008** _____

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT

Clerk of Cook Court

Atty. No.: 99500
Name: FRANCES ENDENCIA
Atty. for:
Address: 9333 S ESCANABA
City/State/Zip: CHICAGO IL 60617
Telephone: 630 823 8176 / 773 375 2433

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

State of Illinois
In the Circuit Court of Cook County, First District, Law Division

Frances Endencia

Inquirer

Vs

Village of Streamwood
Police & Fire Department
ADT Security Service
Fred Mazur
Rachel Johnson
Dr John Coyne &  Dr Joel Prince
Respondents

2008L000221
Calendar / Room B
Discovery

## COMPLAINT

**Malicious Vandalism & Theft**
In pursuant to 720 ILCS 5/21-1.3, on March 13th to 14th, 2005, between the hours of 7 pm till 8:00 am, someone came into my business and possibly killed a patient and smeared blood in my front reception area. There was no forced entry. Nobody had the keys to the premises except for myself and the Fire Department of the Village of Streamwood. At the time, ADT is the security system monitoring company.

A similar reoccurrence on March 29th. Again, my employees did not have the keys to the facility.

I was asked for keys by the Village of Streamwood Fire Department on October 2004 as an ordinance requirement. My locks were changed shortly after the March 29th incident. I did not provide the village with a new set of keys.

I have experienced continued theft and harassment which I originally blamed my employees because my alarm system never went off during the overnight losses ever since I purchased the business on September 1999 till November 2007. I had to ask my fellow business owners if they provided keys to the fire department and found that they did. The trespasser/thief could get into my side via ceiling. Shipment and inventory losses varies up to $1,000 per incident.

Other businesses in the same strip mall experienced unusual circumstances such as

broken windows and theft. I was hardest hit in that location.

In pursuant to 25 ILCS 85/5 from Chapter 63 paragraph 13.15, my business and reputation suffers economic loss due to defamation.

I pray for damages of $250,000 for malicious vandalism and theft.

Frances Endencia
Inquirer in Pro sec
773.375.2433
630.823.8176

PO Box 8149
Bartlett IL 60103

Order

*#10*

CCG N002-300M-2/24/05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Frances Endenici

v.

ADT Security Services Inc et al

No. 08 L 000221

## ORDER

This matter coming to be heard on the defendant/respondent ADT's motion to dismiss pursuant to 735 ILCS 5/2-615, due notice having been given, the court having been fully advised, in the premises it is hereby ordered:

(1) The Defendant/Respondent ADT's motion to dismiss is hereby granted. The Plaintiff/Petitioner is hereby granted 28 days up to and including May 16, 2008 to file her Amended complaint. The parties thereafter will have 28 days after receiving service of the plaintiff/petitioner's amended complaint to file responsive pleadings.

(2) The Defendant Village of Streamwood's obligation to file pleadings responsive to the Plaintiff/Petitioner's ~~original Amended~~ complaint/petition is stayed pending the filing of an amended complaint/petition by Plaintiff/Petitioner.

Atty. No.: 30800

Name: MacCabe & McGuire / ARR

Atty. for: Δ/Resp ADT

Address: 77 W. Wacker Drive Suite 3333

City/State/Zip: Chicago IL 60601

Telephone: 312-357-2600

ENTERED:

Dated:

**ENTERED**
JUDGE DIANE J. LARSEN-1771
APR 18 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Judge                    Judge's No.

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

State of Illinois
In the Circuit Court of Illinois, Law Division

Frances Endencia                          2008L000221
Inquirer                                 Calendar /Room B
                                       Discovery

vs.

Village of Streamwood
ADT Security Services
Fred Mazur
Rachel Johnson
Respondents

### Amended Complaint

1. Village of Streamwood. Ordinance   907.14.14 and  Ordinance 510.2 Security Key

Box required that building owners provide keys to the Fire Department to be able to gain

access to all portions of the building.


My business was The Pampered Pet Veterinary Service located at 140 N Barrington Road

Streamwood IL 60107.  I had Unit 4.


That before October 1999,  keys were provided to the Fire Department  by  a business

owner in strip mall.

I experienced theft from the beginning till 2007, despite numerous occasions of changing

high security locks.  Stolen products were mostly veterinary related, stethoscope, blank

laser printer card sets, laboratory materials, drugs, pill vials, shipments coming in and

stolen overnight that I would need to pay the vendor for missing shipment.  My computer

was tampered creating changes in the actual inventory counts to confuse me as to the actual extent of the damages. Approximate value $10,000. At those times, I always presumed it was an existing employee and fire the employee. But the pattern continued.

2. On October of 2004, a Streamwood Fire Department Official came and requested keys from my business. I provided them with keys. On March 2005, my place was vandalized twice. During the first vandalism event, a peculiar thing occurred. I just received shipment for Rabies vaccine. I left the invoice in the counter. The vaccines were stolen with the invoice that had all the details of purchase. I called the manufacturer and their computer records showed there was no purchase for that particular product. (computer records were tampered via hacking) 720 ILCS 5/16D-3. I experienced several internet related theft which I reported to the Streamwood Police Department. In response to my complaint, they forwarded it to the Illinois Department of Professional Regulation and tried to create disciplinary problems that can lead to revocation or suspension of my license.

During vandalism event, the alarm system never went off, the only key holder was myself and the Streamwood Fire Department. Employee that just left was Fred Mazur and only existing employee was Rachel Johnson. A Streamwood Fire Department Official returned to me my keys without me requesting for it and shortly thereafter I changed the locks. Despite changing locks, I still experienced theft. Upon examination of ceiling area ,I found a whole cut through for a passage going from one store to the other. Later, when Fire Department was in the area, they showed me where the keys were located, it was in a

small black container attached to the building outside where anybody could access .

3. In pursuant to 225 ILCS 447/40-10(3)  ADT was the primary security service company used from 2000 till 2006.  During the times vandalism or theft occurred, the security system never went off. I requested the event record at numerous occasions for a year after vandalism occurred in March 2005.  I found the data to be inaccurate.  During the times an event of theft occurs, the unit  always broke down, with ADT pretending they did not know how to fix the system.

I purchased the  video surveillance camera from ADT.  My sales representative, Joe Dooley was a Streamwood Police Department Officer.  He admitted that most of the employees that work for ADT work for the  Police and Fire Department.

That ADT is a franchise. Per sales representative,  the people that own or run the company are mostly current or former employees of the police and fire department.  They can override the  alarm system when anyone gets into the building.  The alarm system is forwarded to various areas in the United States.  If a complaint for a particular store occurs, the complaint is transferred to another location, therefore complaints with the Better Business Bureau for a particular location is not truly available.  They have about 10,000 complaints which they ignore because of the nature of their involvement in the crime.

4. In pursuant to  720 ILCS 5/17-1 B 9 ( c )  PMH Partners, Dr Joel Prince and Dr John

Coyne committed accounting fraud to induce a sale of the business.. The purchase price

for the sale of Barrington Road Animal Clinic, located at 140 N Barrington Road,

Streamwood IL 60107, was $525,000 which is allocated to the following:

Goodwill ……………………………................$484,000

Furniture, Fixtures and Equipment …………………$25,000

Accounts Receivable …………………………….$1,500

Inventory ……………………………................$10,000

Covenant Not to Compete ………………………….$4500.

The business had no goodwill value.

Dr Prince and Dr Coyne lost a substantial amount of money and tried to recuperate the

loss by inducing fraud.

5. The products stolen from 1999 till 2007 were veterinary related products.

6. Former employees informed me that they were in good terms with the Streamwood

Police Department. They used to service their canine unit.

7. I employed Fred Mazur in August 2004. He was the office manager of the clinic. One

of his and his son's responsibility was walking the dogs on Sunday. He was the only key

holder of the business.

I had a high security key that nobody can supposedly duplicate. On October 2004, the

Streamwood Fire Department asked for my keys. With Fred's urging, I did. In March 2005, he resigned, I received the key back. That night, March 11, 2005, the clinic was vandalized. A few weeks later, I received a threatening phone call from Fred Mazur that if I did not give him money, I would be "reported". I sent him the money and later, got notice from the Illinois Department of Professional Service questioning my integrity.

8. Rachel Johnson was the only other employee at that time. She admitted to me that she was the one who put the black cloth in the cage. I only saw the cloth on Sunday, March 12, 2005. I checked all my patients before leaving on Saturday and did not see the cloth at that time. I did not give her the keys at that time.

Frances Endencia
Inquirer for Discovery
9333 S Escanaba
Chicago IL 60617
773 375 2433

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Frances Endencia                    2008L000221

Inquirer                            Calendar / Room B
                                    Discovery

Vs
Village of Streamwood
ADT Security Service
Fred Mazur
Rachel Johnson
Dr John Coyne &  Dr Joel Prince
Respondents

### NOTICE OF MOTION

To:  Village of Streamwood    Fred Mazur         Rachel Johnson    Anthony Rutkowski
     Ancel Glink              1656 Charles Dr    105 Pipers Dr     ADT Security
     140 S Dearborn           Glendale Hts, IL   Bartlett IL 60103 77 W Wacker Dr
     Chicago IL 60603         60139                                Chicago IL 60601

     Dr John Coyne            Dr Joel Prince
     1015 Hickory Ridge Court 917 SE Central Parkway
     Frankfort IL 60423       Stuart FL 34994

On  August 27, 2008 at 10:15 am,   I will come before Hon Judge Larsen  at room 2203 at the Daley Center,
50 West Washington , Chicago IL 60602  for  Motion for Dismissal to respondents:  Village of
Streamwood, Rachel Johnson, Fred Mazur, Dr Joel Prince, Dr John Coyne.
                              Proof of Mailing

I, frances Endencia, plaintiff in pro sec, certify that I have served this notice by mailing a copy to the above
   listed attorneys/ defendants in the US mail in Bartlett IL 60103 at or before 5:00 pm on July 2 with
                              proper postage prepaid.

Frances Endencia
Atty No 99500
PO Box 8149
Bartlett IL 60103
630.823.8176
773.375.2433

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| Frances Endencia | } | |
| Inquirer | } | |
| | } | No 08 L 000221 |
| vs. | } | |
| | } | |
| ADT Services, Inc | } | |
| Village of Streamwood | } | |
| Fred Mazur | } | |
| Rachel Johnson | } | |
| John Coyne | } | |
| Dr Joel Prince  PMH Partners | } | |
| Respondents | } | |

## MOTION TO DISMISS

Now comes Plaintiff, Frances Endencia, on pro sec, hereby  presents a motion to dismiss the following:

Village of Streamwood

Fred Mazur

Rachel Johnson

Dr John Coyne

Dr Joel Prince.

Frances Endencia
Atty  No 99500
PO Box 8149
Bartlett IL 60103
630.823.8176
773.375.2433

FILED-12
2008 JUL -2  PM 3: 06
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

Frances Endencia                    }
Inquirer                            }
                                    }        No 08 L 000221
                                    }
vs.                                 }
                                    }
ADT Services, Inc                   }
Village of Streamwood               }
Fred Mazur                          }
Rachel Johnson                      }
John Coyne                          }
Dr Joel Prince  PMH Partners        }
Respondents                         }

To: Village of Streamwood    Fred Mazur         Rachel Johnson      Anthony Rutkowski
    Ancel Glink              1656 Charles Dr    105 Pipers Dr       ADT Security
    140 S Dearborn           Glendale Hts, IL    Bartlett IL 60103   77 W Wacker Dr
    Chicago IL 60603         60139                                  Chicago IL 60601

Dr John Coyne               Dr Joel Prince
1015 Hickory Ridge Court    917 SE Central Parkway
Frankfort IL 60423          Stuart FL 34994

NOTICE OF MOTION

On July 2, 2008, I have filed the Second Amended Complaint, a copy of which is attached.

PROOF OF SERVICE

On July 2, 2008, I have served the above at their corresponding address before  5:00 pm by US mail.

Frances Endencia
Atty No.99500
Pro sec
PO Box 8149
Bartlett IL 60103

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

FRANCES ENDENCIA                    }
PLAINITFF                           }
                                    }        2008L000221
                                    }
VS                                  }
                                    }
ADT SECURITY INC                    }
DEFENDANT                           }

### SECOND AMENDED COMPLAINT

NOW COMES the plaintiff, Frances Endencia, Pro sec, and complaining against defendant, ADT Inc states the following:

A.   TORT.  In pursuant to 805 ILCS 10/8, it states that :  …  Any officer, share holder, agent or employee shall personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him or any ancillary personnel ….  The corporation shall be liable up to full value of its property for negligence or misconduct by its officers, shareholders, agents or employees while they are engaged in behalf of the corporation rendering professional services.

1. (a)   My business was The Pampered Pet Veterinary Service, located at 140 N Barrington Road, Unit 4 Streamwood IL 60107.

   (b)   Village of Streamwood Ordinance 907.14.14 and Ordinance 510.2 Security Key Box required that building owners to provide keys to the Fire Department to be able to gain access to all portions of the building.

   ( c)   That before October 1999, keys were provided to the Fire Department by a business owner in the strip mall.

   (d)   Plaintiff dutifully provided said high security keys on October 2004.

2 (a)   On June 8, 2001, I contracted with ADT to provide security services, and  duly provided  a security System.

   (b)   On various occasions, break ins, thefts and vandalism occurred, despite numerous occasions of changing high security locks

3 (a)   ADT was the primary security service company from 2001 till 2006.  During the break ins, theft and vandalism, the security system never went off.  The system either was never properly installed or was never working.

   (b)   I purchased a video surveillance camera from ADT.  My sales representative, Joe Dooley was a Streamwood Police Department  Officer.  He admitted that most of the employees that work for ADT work for the police and fire department.

4.   During all the above events, the security system never went off.

Page 1

5    Due to constant issues encountered in my business from lack of security, I lost my business and interest therein..

6.    That, because of the said negligence, I was held liable with the State of Illinois, Department of Professional Regulations under the Veterinary Medical Practice Act , and was maliciously being prosecuted that could lead to suspension or revocation of my license, in 2008. At this time, no order has been issued.    2005 01942  Case No

Wherefore, plaintiff prays for a judgment against the defendant as follows:

(1)  Awarding compensatory damages for loss of business for the amount of $250,000.

(2)  Compensation to owners of dogs victimized, court costs, attorney fees and defense costs.

(3)  Time and expense of plaintiff.

Frances Endencia
Attorney No 99500
Plaintiff in pro sec
PO Box 8149
Bartlett IL 60103
630.823.8176
773.375.2433

Page 2

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| FRANCES ENDENCIA | } | |
| PLAINITFF | } | |
| | } | 2008L000221 |
| | } | |
| VS | } | |
| | } | |
| ADT SECURITY INC | } | |
| DEFENDANT | } | |

### THIRD AMENDED COMPLAINT

NOW COMES the plaintiff, Frances Endencia, Pro sec, and complaining against defendant, ADT Inc states the following:

A.  TORT.  In pursuant to 805 ILCS 10/8, it states that :  …  Any officer, share holder, agent or employee shall personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him or any ancillary personnel ….  The corporation shall be liable up to full value of its property for negligence or misconduct by its officers, shareholders, agents or employees while they are engaged in behalf of the corporation rendering professional services.

1.  (a)  My business was The Pampered Pet Veterinary Service, located at 140 N Barrington Road, Unit 3 Streamwood IL 60107.

(b)  Village of Streamwood Ordinance 907.14.14 and Ordinance 510.2 Security Key Box required that building owners to provide keys to the Fire Department  to be able to gain access to all portions of the building.

( c)  That since 1993 keys were provided to the Fire Department by Stacy & Casey Dukala, who owns Daisy Flowers in the same  strip mall.

(d)  Plaintiff dutifully provided said high security keys on October 2004.

2  (a)  On June 8, 2001, I contracted with ADT to provide security services, and   duly provided  a security System.

(b)  On various occasions, break ins, thefts and vandalism occurred, despite numerous occasions of changing high security locks

3 (a)  ADT was the primary security service company from 2001 till 2006.  During the break ins, theft and vandalism, the security system never went off.  The system either was never properly installed or was never working.

(b)  I purchased a video surveillance camera from ADT.  My sales representative, Joe Dooley was a Streamwood Police Department  Officer.  He admitted that most of the employees that work for ADT work for the police and fire department.

4(a)  On  March 11, 2005, my facility was vandalized. The vandals smeared blood in front room and Possibly killed a dog and left a black piece of cloth in the cage.  They tried to show that no crime

occurred by showing there was no forced entry to the premises. I filed a Streamwood police report . Instead of investigating they manipulated the situation that lead to a complaint with the Illinois Department of Professional regulations that leads to an order of suspending my license.

5.   Another incident occurred where a lot of blood was drawn from the patient and smeared blood underneath his bedding on March 29, 2005.

6..   During all the above events, the security system never went off.

Page 1

7.   Due to constant issues encountered in my business from lack of security, I lost my business and interest therein..

8.   That, because of the said negligence, I was held liable with the State of Illinois, Department of Professional Regulations under the Veterinary Medical Practice Act , and was maliciously being prosecuted that is leading to suspension or revocation of my license, in 2008. Case No 200501942.

Wherefore, plaintiff prays for a judgment against the defendant as follows:

(1) Awarding compensatory damages for loss of business for the amount of $250,000.

(2) Compensation to owners of dogs victimized, court costs, attorney fees and defense costs and fees for the amount of one million dollars.

Frances Endencia
Attorney No 99500
Plaintiff in pro sec
PO Box 8149
Bartlett IL 60103
630.823.8176
773,375.2433

Page 2

STATE OF ILLINOIS
DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION
DIVISION OF PROFESSIONAL REGULATION

DEPARTMENT OF FINANCIAL AND PROFESSIONAL
REGULATION
DIVISION OF PROFSSIONAL REGULATION
of the State of Illinois,         Complainant,
              v.                                        Case No. 200501942
FRANCES V. ENDENCIA, D.V.M.      Respondent.
Veterinarian License No. 90006620
Controlled Substance License Nos.  390002750,
390002751, 390002752, 390002749, 390003482.

## 20 DAY NOTICE

To: Frances V. Endencia DVM
    The Pampered Pet Veterinary Service
    140 N Barrington Rd
    Streamwood, IL 60107-1984

**PERSONAL AND CONFIDENTIAL**

    PLEASE TAKE NOTICE that the Veterinary Licensing and
Disciplinary Board of the Department of Financial and
Professional Regulation of the State of Illinois, Division of
Professional Regulation [hereinafter referred to as the
'Department'] adopted the Findings of Fact, Conclusions at Law,
and recommendations of the Administrative Law Judge Jeffrey
Canavan.  The Veterinary Licensing and Disciplinary Board
[hereinafter referred to as the 'Board'] after considering the
evidence presented in this case, has recommended that the
Certificate of Registration, License No. **90006620**, previously
issued to you, be **INDEFINITELY SUSPENDED**.

    Should the Department's Director approve the 'Board's
recommendations, the 'Board' has also imposed in its
recommendations conditions upon which your Certificate of
Registration License No. **90006620**, would be restored to allow
you to return to the practice of veterinary medicine and
surgery,. A copy of the Veterinary Licensing and Disciplinary
Board's Findings of Fact, Conclusions of Law and recommendation
is attached hereto.

    YOU ARE HEREBY NOTIFIED that you have 20 days from the date
this Notice is mailed to present to this Department your written
Motion for a Rehearing. Said Motion shall specify the particular
grounds for a Rehearing.