IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES ENDENCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 4541 |
| | ) | |
| ADT SECURITY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant ADT Security, Inc.'s ("ADT")

motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Frances Endencia ("Endencia") alleges that she was formerly the

owner of the "Pampered Pet Veterinary Service" ("Clinic"). (TA Compl. Par. 1).

She indicates that on June 8, 2001, she hired ADT to provide security services for the

Clinic. Endencia claims that despite the security system, vandals were able to break

into the Clinic on multiple occasions and the security system never went off.

Endencia contends that she eventually decided to upgrade her ADT system by

purchasing a surveillance camera. However, vandals allegedly again broke into the

Clinic. During that incident ("Incident"), the vandals allegedly smeared blood in a

room in the Clinic and took a dog that was being kept in a cage at the Clinic.

Endencia claims that she filed a police report about the Incident, but, instead of

investigating the Incident, the police allegedly "manipulated the situation that lead

[sic] to a complaint with the Illinois Department of Professional regulations that

leads [sic] to an order of suspending [Endencia's] license." (TA Compl. Par. 4).

Endencia also claims that later there was an additional break-in at the Clinic, and

blood was taken from an animal at the Clinic and smeared under his bedding.

Endencia claims that due to the failure of ADT's security system the police engaged

in the alleged misconduct that resulted in her losing her license and business.

Endencia brought the instant action against ADT and indicates in her *pro se* third

amended complaint that ADT was negligent.


**LEGAL STANDARD**

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court

must draw all reasonable inferences that favor the plaintiff, construe the allegations

of the complaint in the light most favorable to the plaintiff, and accept as true all

well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l*

*Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463,

466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must

allege the "operative facts" upon which each claim is based. *Kyle v. Morton High*

*Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168

(7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I.  Motion to Comply With Rules

On October 17, 2008, Endencia filed a "Motion to Comply with Rules" in which she states that she did not receive a copy of ADT's reply or the attachments. (Mot. 1).  In view of the fact that the docket does not reflect service of the reply brief, we grant Endencia's motion and we strike the reply brief and any attachments. We have not considered the reply brief or any attachments in rendering our ruling below.


II.  Negligence Claim

ADT argues that Endencia has failed to state a valid negligence claim against ADT.  For a negligence claim under Illinois law, a plaintiff must establish: "the existence of a duty of care owed by the defendant to the plaintiff, a breach of that duty, and an injury proximately caused by that breach."  *Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1053 (Ill. 2006); *see also Cunis v. Brennan*, 308 N.E.2d 617, 618 (Ill. 1974)(stating that the elements for a negligence claim are "the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach").

ADT argues that Endencia has not alleged facts that indicate a duty that could support a negligence claim since she indicates that the sole relationship between Endencia and ADT was a contractual relationship.  Under Illinois law, where the parties' relationship is governed by a contract and "without the contract[] there

would be no relationship between the parties, . . . [the] defendant owe[s] [a] plaintiff no duty other than that created by the contract[]" and, rather than there being a tort duty, "the nature of the duty and the consequences of its breach must be determined by reference to such contract[]." *Pick Fisheries, Inc. v. Burns Electronic Sec. Services, Inc.*, 342 N.E.2d 105, 107-08 (Ill. App. 1976). ADT correctly points out that there are no allegations in the complaint, even when considering Endencia's *pro se* status and making reasonable inferences in her favor, that would suggest that Endencia is basing her negligence claim on a relationship other than the contractual relationship between Endencia and ADT. Endencia specifically alleges in the complaint that such a contractual relationship existed. (TA Compl. Par. 2). Thus, Endencia has not shown that ADT owed her an independent tort duty that could support a negligence claim. *See Hollywood Trucking, Inc. v. Watters*, 2008 WL 4277596, at *3 (Ill. App. Ct. 2008)(stating that for a negligence claim "[t]he existence of a duty is a question of law to be determined by the court").

We also note that ADT points to provisions of the written contract ("Contract") between Endencia and ADT that expressly exempts ADT from liability for actions such as the instant action and Endencia has not argued that such provisions are invalid or not applicable to the instant claims. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)(stating that a court can consider an agreement attached to a motion to dismiss if the agreement is "referred to in the plaintiff's complaint and [is] central to her claim").

In addition, although Endencia alleges that she was unfairly treated by the

police and that treatment resulted in the loss of her license and business, Endencia has not alleged facts that would indicate that there was any proximate cause between the alleged failure of ADT in performing its duties under the Contract and the alleged misconduct of the police that allegedly caused the loss of Endencia's license or business. *See Hollywood*, 2008 WL 4277596, at *3 (stating that for causation "[a] court should consider the reasonable foreseeability of the injury, the likelihood of injury, the burden of guarding against the injury, and the consequences of placing that burden upon the defendant"). Endencia also seeks economic losses that are not generally available under Illinois law for negligence claims. *See, e.g., American United Logistics, Inc. v. Catellus Development Corp.*, 319 F.3d 921, 926 (7th Cir. 2003)(stating that "[t]he economic loss doctrine denies a tort remedy for product defects when the loss 'is rooted in disappointed contractual or commercial expectations")(quoting in part *Collins v. Reynard*, 607 N.E.2d 1185, 1188 (Ill. 1992)). Therefore, we grant ADT's motion to dismiss the negligence claim.

III.  Breach of Contract Claim

Although Endencia does not specifically mention the phrase "breach of contract" in her third amended complaint, Endencia is proceeding *pro se* and we are required to "liberally construe her complaint" and therefore, we will consider whether Endencia has stated a valid breach of contract claim. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Under Illinois law, for a breach of contract claim, a plaintiff must establish: "(1) offer and acceptance, (2) consideration, (3) definite

6

and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *MC Baldwin Financial Co. v. DiMaggio, Rosario & Veraja, LLC*, 845 N.E.2d 22, 30 (Ill. App. Ct. 2006). Endencia alleges that she entered into a contract with ADT to provide security services and she purchased an ADT security system. (TA Compl. Par. 2, 3). She also contends that despite purchasing the security system and hiring ADT to monitor the system, vandals repeatedly were able to enter the Clinic without setting off the security system alarm. (TA Compl. Par. 3, 6). Endencia, who is proceeding *pro se*, can be deemed to allege that ADT breached its contractual obligations owed to Endencia under the Contract and that because of ADT's failure to perform its service properly, the police allegedly engaged in misconduct against Endencia, which resulted in the loss of her license and business. ADT, in arguing against the negligence claim, contends that the relationship at issue in this case was a contractual relationship.

As indicated above, Endencia alleges herself that the parties entered into a contract. (TA Compl. Par. 2). ADT has pointed to provisions of the Contract that indicate that Endencia agreed in the Contract that ADT will be exempt from liability for damage or injury resulting from the performance of the security system. (Mot. 6). Endencia has not explained why she would not be bound by such provisions in the Contract.

In addition, as indicated above in regards to the negligence claim, as to causation for the breach of contract claim, Endencia has not alleged sufficient facts that indicate that ADT's alleged breach of the Contract caused the police to take the

alleged improper actions against her and caused Endencia to lose her license and in turn her business. *See Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 832 (Ill. 2005)(stating that for a breach of contract claim, a plaintiff "must establish an actual loss or measurable damages resulting from the breach in order to recover"). Thus, Endencia has not alleged facts that state a valid breach of contract claim. Therefore, we grant ADT's motion to dismiss the breach of contract claim.

## CONCLUSION

Based on the foregoing analysis, we grant Endencia's "Motion to Comply with Rules" and we strike the reply brief. We also grant ADT's motion to dismiss.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 28, 2008